IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**MONIQUE DAVIS,**

    **Plaintiff,**                                **Case No. 2:25-cv-249**

    v.                                       **District Judge Edmund A. Sargus, Jr.**
                                                 **Magistrate Judge Kimberly A. Jolson**

**POST WOODS TOWNHOMES, LLC, et al.,**

    **Defendants.**

## REPORT & RECOMMENDATION

This matter before the Court is Plaintiff's failure to respond to a show cause order. For the following reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint against Nicole Connor, Burlington Capital Management, New Post Woods Townhomes LP, Post Woods Apartments, Post Woods Townhomes LLC, and Sunbelt Multifamily Properties (Doc. 4) be **DISMISSED** for failure to prosecute.

**I.    BACKGROUND**

Briefly, Plaintiff, who proceeds *pro se* and *in forma pauperis*, alleges that Defendants discriminated and retaliated against her based on her disabilities, in violation of the Fair Housing Act, 42 U.S.C. § 3601, et seq, while she was a tenant at Defendant Post Woods Apartments. (Doc. 4 at 1, 3). Plaintiff also alleges gross negligence and intentional infliction of emotional distress. (*Id.*). On a screen of her amended complaint, the Undersigned allowed her Fair Housing Act claims to proceed (Doc. 3 at 7), but declined to determine whether to exercise supplemental jurisdiction over Plaintiff's state-law claims. (*Id.*).

On June 23, 2025, the Undersigned ordered the parties who had appeared in this action to file a Rule 26(f) report by July 7, 2025. (Doc. 15). On July 8, Plaintiff filed a motion for extension

of time to obtain counsel. (Doc. 21). The Undersigned granted the extension and moved the parties' Rule 26(f) deadline to August 11. (Doc. 23). The Undersigned emphasized that this deadline would apply whether or not Plaintiff obtained counsel and warned the parties that it would not be extended further. (Doc. 23 at 2). The Undersigned separately ordered Plaintiff to show cause by the same day why Defendant Sunbelt Multifamily Properties should not be dismissed from the case for Plaintiff's failure to timely effect service. (Doc. 24).

August 11 came and went with no filings from the parties. Still, the Undersigned ordered the parties to file the Rule 26(f) report by August 15. (Doc. 25). And again, the parties did not file the report by the deadline. Consequently, the Undersigned directed the parties to show cause by August 28 why they should not be sanctioned for failing to comply. (Doc. 36). On August 27, Defendants finally submitted a proposed case schedule. (Doc. 27). They represented that Plaintiff did not respond to their requests to confer on the schedule. (*Id.* at 1 (also stating Plaintiff did not serve upon counsel her prior motion for an extension of time)).

Several more days passed without word from Plaintiff. Consequently, the Undersigned ordered Plaintiff to show cause by September 12 why this action should not be dismissed for failure to prosecute. (Doc. 28 at 2). The Undersigned emphasized that the deadline would not be extended, and that a failure to show cause would result in a report and recommendation that Plaintiff's case be dismissed. (*Id.*). Plaintiff never responded.

**II.     DISCUSSION**

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the

inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

On balance, the factors set forth in *Schafer* support dismissal. First, despite being afforded 50 days to do so, Plaintiff failed to participate in the drafting and filing of a proposed case schedule as ordered. And then, she failed to respond to the Court's Show Cause Orders by the imposed deadlines. What's more, because the Show Cause Order centers on the schedule for discovery, Plaintiff has effectively brought this case to a halt. This demonstrates, to some extent, Plaintiff has "a reckless disregard for the effect of [her] conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Plaintiff's non-compliance in collaborating on the case schedule indicates that she "refuses to participate in the discovery process," which prejudices Defendants. *Cf. Thompson v. Wal-Mart*

3

*Stores E., LP*, No. 221CV10168GCSJJCG, 2022 WL 704938, at *3 (E.D. Mich. Feb. 18, 2022) (finding Plaintiff's failure to produce answers and respond to interrogatories after being warned of dismissal prejudiced Defendant), *report and recommendation adopted sub nom. DEVARY THOMPSON, Plaintiff, v. WAL-MART STORES EAST, LP & JOHN DOE, Defendants.*, No. 21-CV-10168, 2022 WL 697781 (E.D. Mich. Mar. 8, 2022). The remaining factors also weigh in favor of dismissal. As described above, the Court has thrice warned Plaintiff to show cause, or else the action could result in dismissal. (Docs. 24, 26, 28).

Further, the Undersigned considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings. *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In view of the foregoing, the Undersigned concludes Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's "need to manage its docket [and] the interest in expeditious resolution of litigation" outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

### III.   CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** Plaintiff's Complaint (Doc. 4) be **DISMISSED** for failure to prosecute.

### Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting

4

authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: October 2, 2025    /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE